IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION



FILED
JOHN P. HEHMAN
CLERK

2013 JAN 29 AM 10: 01

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Chad Kister

      Petitioner  :  Case No. 2:12-cv-1225

v.  :  Judge Sargus

Appalachian Behavioral Healthcare,  :  Magistrate Judge Abel

      Respondent

## MOTION SUPPORTING CHAD KISTER'S WRIT OF HABEAS CORPUS

Petitioner Chad Kister hereby asks the court for the ability to submit this motion in support of his Writ of Habeas Corpus, with supporting evidence. Enclosed with the Writ is the letter from David Malawista with the Forensic Diagnostic Center that was used to lock Kister up for up to six months. Kister has been locked up in horrendous, dangerous conditions since December 17, 2012, when he has never and does not present a threat to himself or others, and is fully competent to stand trial as is well proven with his numerous past court victories.

Kister has provided a detailed description of the dangers of his conditions in a separate lawsuit recently filed (yet to have a case number assigned), in which he has already gotten sick because of the lack of sanitary conditions by both patients and staff. On January 27, 2013, two patients got in a fight with lots of blood flying, with one having to go to the hospital. Kister has been threatened dozens of times by other patients.

Kister has been limited in his ability to submit motions, and enclose requisite documents such as the enclosed letter because of the unwillingness of staff at the Appalachian Behavioral Healthcare to promptly copy documents, provide envelopes and provide access to a computer, which for the first month of his stay was completely forbidden.

David Malawista made the arbitrary and capricious decision, without merit or supporting fact, that Kister was incompetent to stand trial in his November 26, 2012 letter to Judge Michael Ward. This letter shows that Malawista used a Nov. 7, 2012 "social interaction" rather than a formal meeting as his basis for his decision, in violation of basic rules of psychological conduct, in which Kister should have been informed that his actions were being judged.

Kister, who lives in abject poverty, managed to bicycle through challenging terrain and weather conditions, and still be dressed in formal, dry dress clothes in numerous court visits and two prior meetings with Mr. Malawista. Being 16 miles of rugged, rural, hilly terrain from court, that in itself should be looked at as a feat that Kister performed in the effort to keep from getting locked up. Kister looked and acted presentable and professionally during the court sessions.

Kister was very aware of the court proceedings, and has aided in numerous ways in getting information and arguments to his attorney, Eric Hedrick. It is Eric Hedrick who has failed to be competent in the matter of defending Chad Kister. Chad Kister provided scores of potential witnesses to Hedrick, such as those who have stayed at his hostel who can attest that he does not just go into private rooms without getting permission, even though he is obligated to clean and maintain them.

Kister was wrongfully charged by the Athens County Sheriff's in retaliation for his pending lawsuit against the Athens County Sheriff's office, that was filed two months prior to his false arrest. Kister had reported that Alicia Barnes and Donald Carter were causing criminal damaging to his property by cutting down his cherished bamboo on April 13. Kister has nurtured his bamboo for 4 years. Bamboo is the fastest growing land plant in the world, and can aid tremendously in sequestering greenhouse gas emissions and saving the lives of 6.5 billion people that Kister's fourth book, *Arctic Screaming: Journey to the Front Line of the Climate Crisis* warns will likely die this century if major changes such as the sequestering of greenhouse gas emissions are not made. Scientist James Lovelock from England also warns that 6.5 billion people will likely die this century from climate change, without massive changes (mainly by stopping the burning of fossil fuels).

The bamboo also shields his house and the sight of other houses from Kister's partly solar powered house from view, creating a much more aesthetic landscape both for his neighbors and for Chad Kister. The bamboo is also growing valuable construction materials that Kister uses for fences, drying racks to dry his clothes (which reduces greenhouse gas emissions) and for his future home site on the property that he already

owns, at 4592 Bessemer Rd. Bamboo, being a grass, can greatly reduce the need to cut living trees, and thus further greatly reduce greenhouse gas emissions by allowing the trees to continue to sequester carbon as they grow older, more aesthetic and greater tourist attractions for the most impoverished county in the state: Athens.

Kister's psychology was not diminished, as Mr. Malawista claims, and he does not have a psychopathology, though he has been the victim of numerous attacks by police, such as being beaten nearly to death by police in Washington DC on April 16, 2000. In that attack, Kister was simply sitting peacefully at 15th and Pennsylvania Ave., while police stormed him on motorcycles and stood on his arms and legs and beat him without mercy. Kister does have post traumatic stress disorder from that and other assaults by police. Kister won a $60,000 settlement from police because of that attack, which broke three of his ribs, collapsed a lung, nearly killed him with an erratic pulse, and damaged both kidneys, with blood in his urine.

Kister was also assaulted by the Athens County Sheriff's when a corrections officer punched him and permanently dislocated his jaw. Kister won a $15,000 settlement for that assault. Kister also successfully sued the Athens City Police, who gave Kister $15,000 to settle a wrongful arrest lawsuit about a decade ago.

Kister has been healing from his psychological wounds in part by getting justice through the courts. Locking him up has only harmed his psychological wellbeing, as it keeps him from the beloved forest in his backyard, and from his dog, his closest companion, as well as from his gardening, writing, businesses and other productive activities that he enjoys while free.

Kister is not consumed by a delusional view of the world around him, but is in fact fully aware of the environment around him: in fact he has been very successful in protecting the thousands of acres of national forest in his backyard from logging, strip mining and oil and gas development. Kister is also fully aware of the threats of climate change unlike nearly every other person on the planet. It is the sheriff's who are delusional in arresting Kister for burglarizing his own house while completely ignoring the crimes of Alicia Barnes and Donald Carter.

Also, Donald Carter had pending warrants for his arrest at the time that Kister reported him for criminal damaging on April 13, 2012, but instead of arresting him, or Alicia Barnes who admitted in a written statement (posted at www.chadkister.com) that she was aware of his warrants and thus was committing the crime of harboring a fugitive, they chose to arrest hostel owner Chad Kister on April 15, 2012 because of their grudge against Kister for his successful past lawsuits and his pending lawsuit against them.

Kister is fully aware of the 4th degree felony of burglary that is pending against him, and the seriousness of the charge that could give him prison time. Also, he has been participating in almost every recovery group in the Appalachian Behavioral Healthcare in an effort to get out of the institution as fast as possible. Kister has received awards for the number of groups that he has attended for the last three weeks (a total of 75 groups in just 3 weeks). But Kister never needed to be locked up in the first place: he is psychologically fit and fully participatory in his defense already.

Kister has also been fully cooperative in working with his attorney, as previously mentioned. It is Kister's attorney who has not even lined up one witness even though scores of contacts for potential witnesses were provided by Kister.

Kister urges the court to please approve his writ of habeas corpus, and- set him free.

Signed

*Chad Kister* (signature)

Chad Kister

**Certificate of Service**

A copy was mailed to:

David Malawista; P.O. Box 126; 60788 Southgate Road; Byesville, Ohio 43723-0126

A copy was delivered through internal mail to

Appalachian Behavioral Healthcare; 100 Hospital Drive; Athens Ohio 45701

# FORENSIC DIAGNOSTIC CENTER

## OF DISTRICT NINE, INC.

Andrew D. Reisner, Psy. D., Executive Director

MAP

PO Box 126 - 60788 Southgate Road
Byesville, Ohio 43723-0126
e-mail: fdcd9@frontier.com

(740) 439-4136
(740) 439-9949
Fax: (740) 432-6562

November 26, 2012

Honorable Michael Ward, Judge
Athens County Court of Common Pleas
Courthouse
1 South Court Street
Athens, OH 45701

Re: Chadwick Kister
Case No. 12CR0141
Competency Evaluation

Dear Judge Ward:

I am writing in response to your request for additional information regarding Mr. Chadwick Kister's competency to stand trial. In the last four months, I have had two formal interviews, one on July 17, and the second on October 12, 2012, with Mr. Kister and one rather lengthy social interaction on November 7, 2012. These three contacts have shown the defendant is experiencing a sharp deterioration in his psychological functioning. When first seen in July, his thought disorder and its accompanying distortions of reality while clearly manifested, were not so overwhelming so as to prevent him from being able to be aware of the nature of the proceedings against him or to actively and meaningfully assist in his own defense. When I saw Mr. Kister in October, his psychopathology was significantly more evident, but his mental condition had still not yet deteriorated to such a level he fell below the rather low bar set to remain competent to participate in a criminal proceeding. During our hour long meeting in early November, it quickly became evident that his psychological condition had continued to worsen and had now reached a degree it was most unlikely he would be able to rationally or realistically work with his attorney on his defense.

Currently, Mr. Kister is consumed by his delusional view of the world around him. As a result, it is impossible to have a reality based conversation with him about the events that led to his arrest or his thinking and motivation in connection with his actions on

April 15 of this year. His fear of accepting his mental illness precludes his going forward with a plea of Not Guilty by Reason of Insanity as it would force him to dispense with his long-held, rigid system of denial that has prevented him from coming to grips with his mental illness for two plus decades. It would entail his accepting his entrenched delusions for the distortions of reality they are and compel him to become cognizant that he is not the persecuted, important social activist he has needed to see himself as being.

Currently, Mr. Kister's psychopathology has become so advanced that his speech is consistently rapid and pressured and his thinking is fragmented, jumbled, illogical and, at times, unrelated to the ongoing flow of conversation. His bizarre delusions have become so compelling he is unable to let them go for even brief periods. He is so consumed by them nearly every action he engages in is somehow related to them.

A recent conversation with his defense counsel, Mr. Eric Hedrick, confirms my November 7th observations as he indicated he can no longer have any kind of logical, reasonable, relevant conversation with his client. He said he felt Mr. Kister's current level of psychological disturbance grossly interferes with his ability to participate in the formulation and execution of an effective defense to his pending charges.

Based on all the newly acquired information regarding Mr. Kister, it is my professional opinion the defendant's chronic schizophrenic condition continues to worsen with time and is so severe that it is my opinion, with reasonable psychological certainty, that the defendant is currently unable to assist in his defense.

If I can be of any further assistance in this matter, please do not hesitate to contact me.

Sincerely,

David Malawista, M.S.
Clinical and Forensic Psychologist

DM/jg