IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chad Kister, | : | |
| Petitioner | : | Case No. 2:12-cv-1225 |
| v. | : | Judge Sargus |
| Appalachian Behavioral Healthcare, | : | Magistrate Judge Abel |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Petitioner Chad Kister, a state prisoner, brings this action for a writ of habeas corpus under the provisions of 28 U.S.C. §2241. Petitioner's January 22, 2013 motion to proceed in forma pauperis (doc. 5) is GRANTED. This matter is now before the Magistrate Judge for initial screening.

The petition alleges that Athens County Common Pleas Court Judge Michael Ward arbitrarily and capriciously ordered that he be locked up for six months at Appalachian Behavioral Healthcare. Records of the Athens County Common Pleas Court indicate that Kister was indicted May 3, 2012 for trespass in a habitation. Apparently his attorney believed Mr. Kister should enter a pleas of not guilty by reason of insanity. Mr. Kister opposed his undergoing a psychological evaluation to determine whether he was insane at the time of the alleged offense. A competency hearing was held December 17, 2012, and Judge Ward found Kister incompetent to stand trial. He was involuntarily committed to the custody of Appalachian Behavioral Healthcare. *State of Ohio v.*

*Chadwick W. Kister,* Case No. 12CR0141 (Athens Ctry.C.P.Ct. 2012) (http://coc.athensoh. org/pa/, last accessed February 13, 2013).

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts.  28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court.  *Mackey v. Koloski,* 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). The rule requiring exhaustion of state court remedies applies to involuntary commitments when a defendant is found incompetent to stand trial. *See, Harris v. Ohio*, 2012 WL 1072286 (N.D. Ohio March 29, 2012) and *Martin v. Summit Behavioral Healthcare Center*, 2009 WL 4139246 (S.D. Ohio Nov. 23, 2009).  A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed.  *Rose v. Lundy,* 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Pilette v. Foltz,* 824 F. 2d 494 (6th Cir. 1987).

Here petitioner Kister has available the Ohio court remedy of an appeal from the order finding him incompetent to stand trial.  *Harris v. Ohio*, 2012 WL 1072286 (N.D. Ohio March 29, 2012). Alternatively, he may have unexhausted remedies under Ohio Revised Code § 5122.15. See, *Martin v. Summit Behavioral Healthcare Center*, 2009 WL 4139246 (S.D. Ohio Nov. 23, 2009). He must first exhaust this Ohio court remedies before seeking his release through federal habeas corpus.

WHEREUPON, the Magistrate Judge RECOMMENDS that the petition be dis-

missed because petitioner has failed to exhaust his Ohio court remedies.

If any party objects to this Order, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Order and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B)l; Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Order will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

Copies of the petition and this Order shall be mailed to the Attorney General of Ohio, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, OH 43215.

s/Mark R. Abel  
United States Magistrate Judge